UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: | Case No. 19-54531 |
| | Chapter   7 |
| Joseph DuMouchelle and | Hon. Lisa S. Gretchko |
| Melinda Adducci, | |
| Debtors | |
| _____ / | |
| Michael A. Stevenson, Chapter 7 | |
| Trustee and Assignee of the Rights | |
| of Thomas Ritter, | |
| Plaintiff | Adv. No. 21-04041 |
| v. | |
| William Nobel Rare Jewels, L.P. and | |
| William Noble, jointly and severlly, | |
| Defendants | |
| _____ / | |

**NOTICE OF TRANSMITTAL OF RECOMMENDATION TO THE U.S. DISTRICT COURT**

I hereby certify that the attached documents are transmitted to the United States District Court for the Eastern District of Michigan, which constitutes a Report and Recommendation

- ☐ Notice of Appeal
- ☐ Bankruptcy Matter Civil Cover Sheet
- ☐ Order on Appeal
- ☐ Notice of Deficiency
- ☐ Motion for Leave to Appeal
- ☐ Motion to Withdraw the Reference
- ☒ Other: Recommendation to the U.S. District Court

**NOTE:**

☒ There is a previous civil matter in this bankruptcy.  That matter was given civil case number 21-cv-12087 and assigned to District Judge Stephen J. Murphy
☐ This is a new matter and not previously assigned to a District Court Judge.

Dated:  11/21/2023                         Clerk, United States Bankruptcy Court

                                          By:   /s/Jamie Laskaska
                                                Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:

JOSEPH DuMOUCHELLE  and
MELINDA ADDUCCI,

              Debtors.

Case No. 19-54531
Chapter 7
Hon. Lisa S. Gretchko

_____/

MICHAEL A. STEVENSON, CHAPTER 7
TRUSTEE AND ASSIGNEE OF THE RIGHTS
OF THOMAS RITTER,

              Plaintiff,

Adv. Pro. No. 21-04041-lsg
Hon. Lisa S. Gretchko

v.

WILLIAM NOBLE RARE JEWELS, L.P.  and
WILLIAM NOBLE, jointly and severally,

              Defendants.

_____/

**RECOMMENDATION TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN THAT IT ENTER AN
ORDER DISMISSING PLAINTIFF'S NON-CORE CLAIMS IN
COUNTS 5-7 OF THIS ADVERSARY PROCEEDING**

This case came before the Court upon Defendants' Motion for Summary

Judgment ("Motion"; ECF No. 90), seeking an order dismissing the claims in all

eight counts of the Complaint.  On November 21, 2023, the Court issued an Opinion

Regarding Defendants' Motion For Summary Judgment ("Opinion"; ECF No. 137) and a separate order dismissing Counts 1-4 of the Complaint and denying summary judgment on Count 8 of the Complaint.

For the reasons stated in the Opinion, the Court recommends to the United States District Court for the Eastern District of Michigan that it enter an order dismissing the following non-core claims in Counts 5-7 of the Complaint: Count 5—Unjust Enrichment/Constructive Trust; Count 6—Common Law Money Had And Received (Texas Law); and Count 7—Common Law Conversion. As required by 28 U.S.C. § 157(c)(1), the Opinion states the Court's proposed findings of fact and conclusions of law with respect to the non-core claims.

The Court gives notice to the parties that Fed.R.Bankr.P. 9033 applies to the Court's proposed findings of fact and conclusions of law, relating to the non-core claims, stated in the Opinion. That rule provides:

> **(a) Service.** In a proceeding in which the bankruptcy court has issued proposed findings of fact and conclusions of law, the clerk shall serve forthwith copies on all parties by mail and note the date of mailing on the docket.
>
> **(b) Objections: Time for Filing.** Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.

**(c) Extension of Time.** The bankruptcy judge may for cause extend the time for filing objections by any party for a period not to exceed 21 days from the expiration of the time otherwise prescribed by this rule.  A request to extend the time for filing objections must be made before the time for filing objections has expired, except that a request made no more than 21 days after the expiration of the time for filing objections may be granted upon a showing of excusable neglect.

**(d) Standard of Review.** The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.



/s/ Lisa S. Gretchko
Lisa S. Gretchko
United States Bankruptcy Judge